**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MONTEZ ARTIS,

        Plaintiff,

    vs.

JACOB BEDWELL, ET AL.

        Defendants.

Case No.
1:21-cv-05779

Honorable Matthew F. Kennelly

## <u>FOURTH AMENDED COMPLAINT</u>

Plaintiff Montez Artis ("Plaintiff"), by and through his undersigned counsel, as his complaint against Defendants Jacob Bedwell, George Adamson, Damien Davis, Quentin Tanner, and Charles Truitt ("Defendants"), states as follows:

### <u>INTRODUCTION</u>

1.      Mr. Artis, a Jewish prisoner at Pontiac Correctional Center ("Pontiac"), who was previously detained at Stateville Correctional Center ("Stateville"), brings this action against Defendants—Correctional Food Service Supervisor at Stateville, Head Chaplain at Stateville, Chaplain at Stateville, Food Service Program Manager at Stateville, and Warden of Stateville—seeking relief from their refusal to provide him with a diet that complies with the requirements of his Jewish faith.

2.      In December 2019, Mr. Artis settled a separate lawsuit against personnel at Stateville for deficiencies related to Stateville's kosher diet. In January 2020, only a few weeks

after settling that lawsuit, Defendants in the present case removed Mr. Artis from the list of prisoners at Stateville who were approved to receive the kosher diet (the "kosher diet list") as retaliation for bringing and settling the prior lawsuit. Defendants in the present case proceed to keep Mr. Artis off of the kosher diet list without justification for approximately eight months, from January 2020 until September 2020.

3.      Defendants' conduct violates Mr. Artis's rights under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA").

4.      To remedy these wrongs, Mr. Artis seeks declaratory relief, as well as compensatory and punitive damages.

## JURISDICTION AND VENUE

5.      Mr. Artis brings this action pursuant to 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 2000cc, *et seq.* This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Mr. Artis's claims occurred in this district.

## PARTIES

7.      Plaintiff Montez Artis is an Illinois state prisoner who was incarcerated at Stateville in Joliet, Illinois from July 18, 2012 until December 8, 2021. He was incarcerated at

2

Stateville at all times relevant to this action. He is now incarcerated at Pontiac. He is assigned Illinois Department of Corrections ("IDOC") registration number B84281.

8.    Defendant Jacob Bedwell is a Correctional Food Service Supervisor at Stateville. At all times relevant to this action, he was employed by the IDOC and was acting under color of state law. Defendant Bedwell oversees food service operations and directs lower-level employees and prison inmates in the preparation and service of food, including alternative religious diets. Defendant Bedwell is sued in both his individual and official capacities.

9.    Defendant George Adamson was Head Chaplain at Stateville. At all times relevant to this action, he was employed by the IDOC and was acting under color of state law. He was responsible for supervising other chaplains at Stateville and had responsibilities related to the provision of religious diets, including maintaining the chaplaincy's list of all religious diet participants. Defendant Adamson is sued in both his individual and official capacities.

10.    Defendant Damien Davis is a Chaplain at Stateville. At all times relevant to this action, he was employed by the IDOC and was acting under color of state law. He has responsibilities related to the provision of religious diets, including maintaining the chaplaincy's kosher diet list. Defendant Adamson is sued in both his individual and official capacities.

11.    Defendant Quentin Tanner was the Food Service Program Manager at Stateville. At all times relevant to this action, Defendant Tanner was employed by the IDOC and was acting under color of state law.  He had management and administrative responsibilities at Stateville, including related to inmate dietary needs, the provision of alternative religious diets from the

3

kitchen, and the kosher diet list maintained within the kitchen facility at Stateville. He had the authority to remedy the ongoing failure to provide a kosher diet to Mr. Artis. Defendant Tanner is sued in both his individual and official capacities.

12.     Defendant Charles Truitt is the Warden of Stateville. At all times relevant to this action, he was employed by the IDOC and was acting under color of state law. Defendant Truitt is responsible for the operations of Stateville, including overseeing implementation of religious accommodations, supervising all staff, and managing all aspects of prison operation. Defendant Truitt is sued in his official capacity only.

## FACTS

### Plaintiff's Sincerely Held Religious Beliefs Compelled Him to Adhere to a Kosher Diet.

13.     Mr. Artis is an observant Jew.

14.     At all times relevant to this action, Mr. Artis's sincerely held religious belief was that he was commanded by God to maintain a kosher diet, that he was defiled when he consumed food that did not adhere to kosher dietary law and, further, that he could not properly pray to God when he was defiled.

### Between 2017 and 2019, Plaintiff Brought and Settled a Lawsuit Against Stateville Personnel for Their Ongoing Failure to Provide a Nutritionally Adequate Kosher Diet in Violation of Plaintiff's Religious Rights.

15.     On September 25, 2017, Mr. Artis filed a lawsuit in the U.S. District Court for the Northern District of Illinois against Quentin Tanner (Food Service Program Manager at Stateville) and Randy Pfister (then-Warden of Stateville) for deprivation of a nutritionally

4

adequate kosher diet in violation of Mr. Artis's religious rights. The case was assigned to Judge John Z. Lee and assigned case number 1:17-CV-6905.

16.     On October 18, 2017, Judge Lee appointed the undersigned counsel, Daniel J. Weiss of Jenner & Block LLP, to represent Mr. Artis.

17.     On February 5, 2018, Mr. Artis, through his appointed counsel, filed an amended complaint against Defendants Tanner and Pfister, as well as Shellia Portwood (Correctional Food Service Supervisor at Stateville). In the amended complaint, Mr. Artis asserted that defendants in Case Number 1:17-CV-6905 violated his rights under the First Amendment and under RLUIPA by failing to provide a kosher breakfast option at Stateville; failing to put Mr. Artis on the kosher diet list for over three weeks upon his transfer to Stateville; failing to make kosher meals regularly available; failing to provide a sufficient amount of kosher fruit; failing to provide kosher utensils for use with meal trays; and failing to provide a sufficient variety of kosher meal trays, thereby rendering the kosher diet unpalatable.

18.     On August 27, 2018, Mr. Artis, through his counsel, filed a second amended complaint against Defendants Tanner and Portwood, as well as Walter Nicholson (who replaced Randy Pfister as Warden of Stateville), Terrell Pork (Sargent at Stateville), and William Brown (Lieutenant at Stateville). In the second amended complaint, Mr. Artis reasserted the allegations outlined in the first amended complaint and asserted that defendants in Case Number 1:17-CV-6905 further violated Mr. Artis's religious rights by failing to provide an adequate religious diet

5

for Passover in 2018 and by wrongfully confiscating Mr. Artis's Passover supplies without justification in 2018.

19.     On September 15, 2019, the IDOC and Mr. Artis participated in a settlement conference with Magistrate Judge Finnegan. The parties ultimately reached a settlement and executed a settlement agreement on December 16, 2019.

20.     The settlement agreement did not release or bar the claims that Mr. Artis is bringing in the present suit.

### Plaintiff was Removed from the Kosher Diet List as Retaliation for Bringing and Settling Case Number 1:17-CV-6905.

21.     In or around the middle of January 2020, weeks after the settlement of Case Number 1:17-CV-6905, Mr. Artis was removed from the kosher diet list at Stateville.

22.     Upon information and belief, Mr. Artis was removed from the kosher diet list as retaliation for bringing Case Number 1:17-CV-6905. Facts supporting this assertion are as follows:

23.     First, Mr. Artis was removed from the kosher diet list only weeks after settling Case Number 1:17-CV-6905.

24.     Second, in or around the middle of January 2020 and prior to being removed from the kosher diet list, Mr. Artis walked through the meal line at Stateville and complained to Defendant Bedwell, who was working the meal line that day, that the kosher meal tray had been the same for over a week and that the kosher diet had become unpalatable. In response, Defendant Bedwell said words to the effect of: "You are suing me and now you want my help?

6

I'm going to take care of that." Approximately several days later, a food service worker told Mr. Artis as he came through the meal line that Mr. Artis had been removed from the kosher diet list.

25.　　Third, also in or around the middle of January 2020, in the early hours of the morning a male correctional officer woke Mr. Artis in his cell and told Mr. Artis words to the effect of: "quit filing grievances" about the kosher diet and "leave it alone" or else something bad would happen to Mr. Artis.

26.　　Fourth, Mr. Artis was removed from the kosher diet list without being interviewed by a chaplain or by any Stateville personnel. Moreover, Mr. Artis was neither provided an official reason for why he was removed from the kosher diet list nor notified that he would be removed from the kosher diet list prior to his removal.

27.　　Fifth, Defendant Tanner was aware of Mr. Artis' previous lawsuit because Defendant Tanner was a defendant to that suit. Additionally, Defendant Tanner would have knowledge from the previous suit that Mr. Artis should be approved to receive a kosher diet.

### Defendants Were Aware of and Deliberately Indifferent to Plaintiff's Religious Rights in Depriving Him of a Kosher Diet from January 2020 until September 2020.

28.　　As a result of being removed from the kosher diet list, Mr. Artis did not receive any kosher meal trays from approximately January 2020 until approximately September 2020.

29.　　Upon information and belief, Defendant Adamson was responsible for maintaining the chaplaincy's kosher diet list from approximately January 2020 until approximately May 2020.

7

30.    Mr. Artis had a series of interactions with Defendant Adamson between January 2020 and May 2020. In those interactions, Mr. Artis explained that he had been taken off the kosher diet list as retaliation for bringing and settling Case Number 1:17-CV-6905, and asked to be placed back on the kosher diet list. Defendant Adamson did nothing to remedy the situation.

31.    In approximately May 2020, Mr. Artis had an in-person conversation with Defendant Adamson in which Defendant Adamson told Mr. Artis that he was no longer handling administration of the kosher diet, and that Mr. Artis should reach out to Defendant Davis.

32.    Mr. Artis had a series of interactions with Defendant Davis between May 2020 and July 2020. In those interactions, Mr. Artis explained that he had been taken off the kosher diet list as retaliation for bringing and settling Case Number 1:17-CV-6905, and asked to be placed back on the kosher diet list. Defendant Davis did nothing to remedy the situation during that period.

33.    Between approximately January 2020 and July 2020, Mr. Artis had at least two in-person interactions with Defendant Tanner in which Mr. Artis alerted Defendant Tanner to the fact that Mr. Artis had been told he was no longer on the kosher diet list, and to the fact that Mr. Artis was no longer receiving a kosher diet. In those interactions, Mr. Artis asked Defendant Tanner to help Mr. Artis get back on the kosher diet list and to help Mr. Artis start receiving a kosher meal tray again. Defendant Tanner did nothing to remedy the situation during that period.

34.    Also, between January 2020 and June 2020, Mr. Artis filed multiple grievances regarding his removal from the kosher diet list, which were received by the Stateville Grievance

8

Officer's office. In those grievances, Mr. Artis explained that he was taken off the kosher diet list as retaliation for bringing and settling Case Number 1:17-CV-6905. Mr. Artis either did not hear anything back in response to those grievances for many months or the grievances were denied. (*See* Exhibits A – F.)

35.     Mr. Artis appealed the denial of at least one of these grievances to the Administrative Review Board (the "ARB"). The ARB did not grant relief. (*See* Exhibit C.)

36.     Mr. Artis also filed numerous grievances regarding the lack of kosher food and adequacy of kosher food at Stateville prior to filing Case Number 1:17-CV-6905 and during the pendency of that action. These grievances were either denied or no response was received. Mr. Artis appealed the denied grievances to the ARB, but the ARB did not grant relief. (*See* Exhibit I.)

***Plaintiff Was Not Placed Back on the Kosher Diet List Until Approximately September 2020.***

37.     In approximately July 2020, Defendant Davis advised Mr. Artis to submit a new "Request for Religious Diet" form to be added back to the kosher diet list.

38.     On July 10, 2020, pursuant to Defendant Davis's suggestion, Mr. Artis filled out a new "Offender Request for Religious Diet" form so that he could be added back to the kosher diet list. (*See* Exhibit G.) Mr. Artis, however, was not added back to the kosher diet list.

39.     On August 13, 2020, Mr. Artis filed an emergency grievance because he still had not been added back to the kosher diet list. In his grievance, he stated, "I am being force[d] to go

without 3 meals a day. . . . I am hungry right now." On September 3, 2020, then-warden David Gomez denied relief, finding that "an emergency is not substantiated." (*See* Exhibit H.)

40.     Mr. Artis was not added back to the kosher diet list until in or around the middle of September 2020.

41.     Mr. Artis's removal from the kosher diet list for eight months served no legitimate penological purpose.

**Plaintiff Was Harmed by Defendants' Failure to Provide a Kosher Diet.**

42.     As a result of Defendants' failure to provide Mr. Artis with a kosher diet from approximately January 2020 to September 2020, Defendants deprived Mr. Artis of his right to freedom of religion, secured under the First Amendment and the RLUIPA.

43.     Defendants' failure to provide Mr. Artis a kosher diet also caused him physical injury. During the eight-month period when Mr. Artis was deprived of a kosher diet, Mr. Artis was forced to choose between his religion and eating. Many times, Mr. Artis chose not to eat, as he believes he is defiled when eating non-kosher food. As a result, Mr. Artis suffered extreme hunger, significant weight loss, and malnutrition (headaches, nausea, and weakness) from having to skip meals where no kosher meal was made available to him.

44.     Defendants' failure to provide Mr. Artis a kosher diet also caused him pecuniary injury. As a result of Defendants' refusal to provide Mr. Artis with a kosher diet, Mr. Artis was forced to purchase, at his own expense, the few kosher food items available at the commissary to attempt to supplement his diet.

45.     Lastly, Defendants' failure to provide Mr. Artis a kosher diet caused him mental and emotional injury. During the months when Mr. Artis was completely deprived of a kosher diet, he suffered extreme frustration and depression.

## CLAIMS

### COUNT I

**Denial of Free Exercise of Religion in Violation of the First Amendment to the United States Constitution – 42 U.S.C. § 1983**
**(Against Defendants Bedwell, Adamson, Davis, and Tanner in Their Individual and Official Capacities)**

46.     Mr. Artis repeats and realleges the preceding paragraphs as if fully set forth herein.

47.     By depriving Mr. Artis of a kosher diet for approximately eight months, Defendants Bedwell, Adamson, Davis, and Tanner infringed on Mr. Artis's First Amendment right to freedom of religion.

48.     The failure by Defendants Bedwell, Adamson, Davis, and Tanner to provide Mr. Artis with a kosher diet for approximately eight months placed a substantial burden on Mr. Artis's religious beliefs and was not reasonably related to a legitimate penological objective.

49.     Defendants Bedwell, Adamson, Davis, and Tanner were aware of Mr. Artis's repeated requests for a kosher diet and had the responsibility for ensuring that Mr. Artis's religious dietary needs were being met.

50.     Defendants Bedwell, Adamson, Davis, and Tanner facilitated, approved of, condoned, or otherwise turned a blind eye to the deprivation of Mr. Artis's First Amendment rights, and are thereby personally responsible for the deprivation.

51.     Moreover, Defendants Bedwell, Adamson, Davis, and Tanner acted maliciously, willfully, wantonly, and/or with reckless or callous indifference to Mr. Artis's clearly-established constitutional rights by removing Mr. Artis from the kosher diet list for approximately eight months as retaliation for Mr. Artis's previous kosher lawsuit.

52.     Defendant Bedwell's, Defendant Adamson's, Defendant Davis's, and Defendant Tanner's actions directly and proximately caused Mr. Artis damages and emotional distress and anguish, as more fully set forth above.

## COUNT II

### Violation of RLUIPA – 42 U.S.C. § 2000cc-1, *et seq.*
### (Against all Defendants in their Individual and Official Capacities)

53.     Mr. Artis repeats and realleges the preceding paragraphs as if fully set forth herein.

54.     Defendants' failure to provide Mr. Artis with a kosher diet for approximately eight months in accordance with his practice of Judaism violated his rights under the RLUIPA, 42 U.S.C. § 2000cc-1, *et seq*. The RLUIPA prohibits prisons receiving federal funds from imposing a "substantial burden" on a prisoner's religious exercise unless prison officials can demonstrate "that imposition of the burden on that person (1) is in furtherance of a compelling

12

governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." *Id.* § 2000cc-1(a)–(b).

55.     The IDOC receives federal financial assistance and therefore is subject to the RLUIPA.

56.     Maintaining a kosher diet was a sincerely held religious belief of Mr. Artis's and constituted a central part of his religious exercise.

57.     Defendants' failure to provide Mr. Artis with a kosher diet from approximately January 2020 to September 2020 placed a substantial burden on Mr. Artis's religious beliefs.

58.     Defendants' refusal to provide Mr. Artis with a kosher diet from approximately January 2020 to September 2020 did not further a compelling governmental interest.

59.     Defendants' refusal to provide Mr. Artis with a kosher diet from approximately January 2020 to September 2020 was not the least restrictive means of furthering any compelling governmental interest.

60.     By removing Mr. Artis from the kosher diet list for approximately eight months as retaliation for Mr. Artis's previous kosher lawsuit, Defendants acted maliciously, willfully, wantonly, and/or with reckless or callous indifference to Mr. Artis's clearly established rights under the RLUIPA.

61.     Defendants' actions directly and proximately caused Mr. Artis damages and emotional distress and anguish, as more fully set forth above.

13

## REQUEST FOR RELIEF
**(All Counts)**

WHEREFORE, Mr. Artis respectfully requests that the Court enter an order:

a.  Granting judgment in Plaintiff's favor and against Defendants;

b.  Declaring that Defendants' conduct as described herein is unlawful;

c.  Awarding Plaintiff compensatory and punitive damages, in a sum to be determined by the jury at trial, in connection with the § 1983 claims against Defendants Bedwell, Adamson, Davis, and Tanner in their individual capacities;

d.  Awarding Plaintiff reasonable attorneys' fees and costs; and

e.  Awarding such additional relief, whether in law or in equity, as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Montez Artis hereby demands a trial by jury on all issues so triable.

Dated: October 5, 2023

Respectfully submitted, MONTEZ ARTIS

By: /s/ Daniel J. Weiss
Daniel J. Weiss
Bethany H. Felder
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2023, I caused the foregoing to be electronically filed via the Court's CM/ECF system.

Respectfully submitted,

By:   /s/ Daniel J. Weiss
        Daniel J. Weiss
        Jenner & Block LLP
        353 N. Clark Street
        Chicago, IL 60654-3456
        Telephone: +1 312 222 9350
        Facsimile: +1 312 527 0484

# **<u>EXHIBIT A</u>**

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| te: 01·23·20 | Offender: (Please Print) MONTER ARTIS | ID#: 384281 |
|---|---|---|

| esent Facility: | Facility where grievance issue occurred: | RECEIVED STATEVILLE C.C. |
|---|---|---|

**ATURE OF GRIEVANCE:**

JAN 2 8 2020

- ☐ Personal Property
- ☑ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☑ Dietary
- ☐ Other (specify): _____
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability Accommodation
- ☑ HIPAA GRIEVANCE DEPARTMENT
- Denial of Jewish Services

RECEIVED STATEVILLE C.C.

☐ Disciplinary Report: ____/____/____
    Date of Report                    Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

mplete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

mmary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information each person involved):

GRIEVANT has Not RECEIVED his kosher diet tray in over a week. Grievant was told by the worker that his kosher trays were discontinued.

Grievant was also taken off or denied Jewish Religious Services for over a year now, Although Grievant has written Chaplain Adamson on 04·14·19, 04·06·19; 05·7·19; 06·16·19; 04·17·19 and 08·27·19 and spoke to Chaplain Face to Face —

lief Requested: Return kosher diet and Jewish Services Stop Retaliating against Grievant.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Check if this is NOT an emergency grievance

_[signature]_ Offender's Signature      ID# 384281

RECEIVED STATEVILLE C.C.

01 REC'D 01·23·20
STATEVILLE C.C.
   Date

(Continue on reverse side if necessary) APR 1 4 2020

MAR 3 2020
GRIEVANCE DEPARTMENT

**Counselor's Response** (if applicable) DEPARTMENT

| te ceived: 3, 1, 20 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

BY: _____

GRIEVANCE DEPARTMENT

esponse: Per Chaplain Adamson, inmate is listed as being of the Jewish religion; Per Chaplain Adamson, inmate is on the list for passover; Per Chaplain Adamson, inmate is not being denied the opportunity to participate in Jewish religious services.

C. HARP    Print Counselor's Name      _[signature]_ Counselor's Signature      Date of Response 3/1/20

**EMERGENCY REVIEW**

| te ceived: 2/3/2020 | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☑ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

_[signature]_ D. Ganey Chief Administrative Officer's Signature      2/13/2020 Date

tribution: Master File; Offender                    Page 1                    DOC 0046 (1/2018)
Printed on Recycled Paper

regarding request's for Jewish service. Chaplain Adamson stated he would look INTO it but, has NO avail.

Grievant has attached exhibit to this grievance showing showing a conspiracy between Chaplain Adamson, Lt Brown, I.A. officer Clark to take my Holy Day supplies and remove me from the kosher diet if my supplies were returned to me after they had been taken by Lt Brown.( Exhibit A )

I've been retaliated against numerous times at Stateville when I began to complain about my constitutional rights being violated by this administration and this I'd prove!

Grievant is also retaliated by CIO supervisor of Food Bedwell. Bedwell placed grievant inside a unsafe and unsanitary cell and grievant filed a Federal 1983 claim against Food supervisor Bedwell. Grievant had a altercation with Bedwell over failing to receive kosher trays. Grievant handed Bedwell a letter stating he had received the same kosher tray for over a week straight. Bedwell stated it wasn't his problem. Exhibit of lawsuit filed against Bedwell attached to this grievance as "Exhibit B )

Grievant has not received citation or ticket, or warning of being taken off of the kosher diet! WHY No ?

Upon Information and belief, grievant was taken off kosher diet due to lawsuits against Stateville CIO's and being refused Jewish service over kosher diet lawsuit!

On 21-21-20 a officer woke grievant up out of his sleep and stated that if grievant continued to pursue this kosher and Jewish service issue he would be shipped/transferred

# **<u>EXHIBIT B</u>**

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**RESPONSE TO OFFENDER'S GRIEVANCE**

### Grievance Officer's Report

**Date Received:** 04/14/2020    **Date of Review:** 04/27/2020    **Grievance # (optional):** 257

**Offender:** Montez Artis    **ID#:** B84281

**Nature of Grievance:**

Dietary - Services
Religion - Services/Activities

**Facts Reviewed:**

Grievant claims on a grievance written 1/23/2020 that he was not receiving his Kosher diet trays for over a week. Grievant also states he has been denied Jewish religious services for over a year even though he has written chaplain Adamson multiple times and spoken to him.

Per counselor Harris, per chaplain Adamson, inmate is listed as being of the Jewish religion. Per chaplain Adamson, offender is on the list for passover. Per chaplain Adamson offender is not being denied the opportunity to participate in Jewish religious services.

Grievance officer finds counselor answer to be appropriate. Per dietary, grievant is on the Kosher diet list and receiving it.

**Recommendation:**

Grievance is denied.

Amy Gomez
Print Grievance Officer's Name                                         Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

**Date Received:** 5-1-2020    ☒ I concur    ☐ I do not concur    ☐ Remand

**Action Taken:**

Chief Administrative Officer's Signature                          5-1-2020
                                                                                              Date

### Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Offender's Signature          B8428I          5-13-20
                                     ID#                       Date

Printed on Recycled Paper

# **EXHIBIT C**

J.B. Pritzker
Governor



Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court. P.O. Box 19277 • Springfield. IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: Artis, Montez

Date: Oct. 20, 2020

ID#: B84281

Facility: Stateville

This is in response to your grievance received on __5/20/2020__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: __1/23/20__   Grievance Number: __257__   Griev Loc: __STL__

☐ Transfer denied by the Facility

☒ Dietary __Denied Kosher tray for "over a week"__

☐ Personal Property _____

☐ Mailroom/Publications _____

☐ Assignment (job, cell) _____

☐ Commissary / Trust Fund _____

☐ Conditions (cell conditions, cleaning supplies, etc.) _____

☐ Disciplinary Report: Dated: _____ Incident # _____

☐ Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

☐ Denied, in accordance with DR504F, this is an administrative decision.

☒ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☒ Other: __Other claims cited fail to meet DR 504.810.__

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

FOR THE BOARD: S. Benton
Sherry Benton
Administrative Review Board

CONCURRED: Rob Jeffreys edw
Rob Jeffreys
Acting Director

CC: Warden, Stateville Correctional Center
Artis, Montez, ID# B84281

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

| | |
|---|---|
| Inmate Id: | B84281 |
| Name: | ARTIS, MONTEZ |
| Chair Code: | DEKN |
| Grv Type: | L |
| Grv Code: | DIETARY |
| Receive Date: | 05/20/2020 |
| Hearing Date: | 00/00/0000 |
| Mailing Date: | 00/00/0000 |
| Grv Loc: | STATEVILLE CC |
| Hearing Loc: | STATEVILLE CC |

| | |
|---|---|
| Ret Form Ind: | |
| Modify Ind: | |
| Deny Ind: | |
| Favorable Ind: | |
| Deferred Ind: | |
| Moot Ind: | |
| Grievance Number: | 257 |
| Incident Number: | |
| Incident Date: | 00/00/0000 |
| Incident Inst: | |
| Date Receipted: | 07/01/2020 |

**Comments:** GRV #257, DTD 1/23/20 GRVS HAS NOT RECEIVED HIS KOSHER DIET FOR OVER A WEEK

# **<u>EXHIBIT D</u>**

Assigned Grievance #/Institution: _C.C._

Housing Unit: _DELTA_ Bed #: _5-39_

1st Lvl rec: JUN 2 5 2020

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec:

| Date: 06-29-20 | Offender (please print): MONTER ARTIS | ID #: B84281 | Race (optional): AFRICAN |

Present Facility: _Stateville Corr Cntr_ | Facility where grievance issue occurred: _Stateville C.C._

**Nature of grievance:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [x] Dietary
- [ ] Other (specify):
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____ Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document** (such as a Disciplinary Report, Search Record, etc.) **and place in the designated locked receptacle marked "grievance"**

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

Grievant spoke to Chaplain Davis on several occasions and twice in May regarding the Denial of his Kosher Diet but Chaplain Davis has not investigated why i have not received my Kosher Diet. I have not received any citation nor warnings pertaining too my Kosher Diet, I was immediately taken off.

☑ Continued on reverse

**Relief Requested:** Place me back on my Kosher Diet immediately. Stop retaliating against me. I want Religious Services to begin again.

[x] Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[ ] Check if this is **NOT an emergency grievance**.

_Monter Artis_ | B84281 | 06-29-20
Offender's Signature | ID# | Date

(Continue on reverse side if necessary)

RECEIVED
STATEVILLE C.C.
AUG 2 0 2020
GRIEVANCE DEPARTMENT

**Counselor's Response** (if applicable) Date Received: 7/29/30 ☑ Send directly to Grievance Officer

BY: _____

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:** Per the dietary supervisor inmate is receiving his Kosher meal(s). Unable to substantiate any staff misconduct.

C. HARRIS | _[signature]_ | 8/18/20
Print Counselor's Name | Sign Counselor's Name | Date

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:** Date Received: 7-10-2020

Is this determined to be of an emergency nature:

[ ] Yes, expedite emergency grievance

[x] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_David Gomez (DW)_ | 7-10-2020
Chief Administrative Officer's Signature | Date

Assigned Grievance #/Institution: _____

Housing Unit: _____  Bed #: _____

1st Lvl rec: _____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec: _____

I have not Received my Kosher Diet in about 4 or 5 months. I've been forced to miss many meals and to eat commissary.

I've written several grievances Regarding not Receiving and the Denial of my Diet.

I've been denied Religious services for over a year now! Why?

RECEIVED
DATE FILED

GRIEVANCE OFFICER

# **EXHIBIT E**

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report | | |
|---|---|---|
| **Date Received:** 06/25/2020 | **Date of Review:** 10/21/2020 | **Grievance #** (optional): 1804 |
| **Offender:** Montez, Artis | | **ID#:** B84281 |

**Nature of Grievance:**

Staff Conduct
Dietary

**Facts Reviewed:**

Grievant claims on grievance written on 6/19/20 he spoke to Chaplain Davis on several occasions and twice in May regarding the denial of his Kosher Diet. Grievant stated Chaplain Davis has not investigated why he have not recieved his Kosher Diet. Grievant stated he have not received his proper Kosher Diet. Grievant stated he have not received any citation nor warning pertaining to his Kosher Diet, he was immediately taken off. Grievant stated he have not received his Kosher Diet in about 4 to 5 months. Grievant stated he has been forced to miss many meals and to eat commissary. Grievant stated he have been denied religious services for a year now. Grievant relief requested to place him back on the Kosher Diet immediately. Grievant stated would also like to not be retaliating against and religious services to begin again.


Per counselor Harris per the Dietary Supervisor inmate is receiving this Kosher Meal(S). Unable to Substantiate any Staff Conduct.
Greivance Officer Finds: Currently there are no religious services in progress due to Covid-19, to protect the health and safety of all staff and offenders. Grievance Officer did not see grievant name on the Kosher List located in Dietary. Griever Officer finds grievant has an active Kosher Diet since 8/10/12 . Grievant also has an active Vegan Diet since 7/27/12, of which will be terminated because you can not have both diets concurrently. Per offender request to be added Kosher List have been sent to Chaplain Davis for processing.
Grievance officer finds counselor's answer to be appropriate.

**Recommendation:**

Grievance is Affirmed, grievant will be added to the Kosher Diet list and receive Kosher Meal.

M. Williams CC2

_____
Print Grievance Officer's Name

_____
Grievance Officer's Signature

**(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response | | | |
|---|---|---|---|
| **Date Received:** 3-17-2021 | ☑ concur | ☐ I do not concur | ☐ Remand |

**Action Taken:**

_____
Chief Administrative Officer's Signature

3-17-2021
Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)**

_____
Offender's Signature

_____
ID#

_____
Date

# **<u>EXHIBIT F</u>**

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | B84281 | **Counseling Date** | 04/20/20 09:02:11:540 |
| **Offender Name** | ARTIS, MONTEZ JR | **Type** | Collateral |
| **Current Admit Date** | 11/24/2004 | **Method** | Grievance |
| **MSR Date** | 07/16/2053 | **Location** | STA GRIEVANCE OFFICER |
| **HSE/GAL/CELL** | D -05-51 | **Staff** | GOMEZ, AMY, Correctional Counselor II |

RECEIPT OF GRIEVANCE ON ___4/20/2020_ CONCERNING _KOSHER DIET/JEWISH SERVICES_.
THIS GRIEVANCE HAS BEEN ASSIGNED GRIEVANCE #257 AND WILL BE REVIEWED AND
RESPONDED TO BY THE GRIEVANCE OFFICER.

**Print Date  4/20/2020**

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | B84281 | **Counseling Date** | 07/04/20 13:29:00:257 |
| **Offender Name** | ARTIS, MONTEZ JR | **Type** | Collateral |
| **Current Admit Date** | 11/24/2004 | **Method** | Grievance |
| **MSR Date** | 07/16/2053 | **Location** | STA  GRIEVANCE OFFICER |
| **HSE/GAL/CELL** | D -05-39 | **Staff** GOMEZ, AMY, Correctional Counselor II | |

RECEIPT OF EMERGENCY GRIEVANCE ON _7/4/2020__ CONCERNING KOSHER DIET_.  THIS
GRIEVANCE HAS BEEN ASSIGNED GRIEVANCE #1804_.

**Print Date  7/4/2020**

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | B84281 | **Counseling Date** | 02/05/20 07:52:05:983 |
| **Offender Name** | ARTIS, MONTEZ JR | **Type** | Collateral |
| **Current Admit Date** | 11/24/2004 | **Method** | Other |
| **MSR Date** | 07/16/2053 | **Location** | STA  GRIEVANCE OFFICER |
| **HSE/GAL/CELL** | D -05-51 | **Staff** LEDFORD, KELLY, Office Coordinator | |

RECEIPT OF EMERGENCY GRIEVANCE ON _1-28-20__ CONCERNING _SC, DIETARY.  THIS
GRIEVANCE HAS BEEN ASSIGNED GRIEVANCE #257_.

**Print Date  2/5/2020**

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | B84281 | **Counseling Date** | 03/04/20 14:40:06:527 |
| **Offender Name** | ARTIS, MONTEZ JR | **Type** | Collateral |
| **Current Admit Date** | 11/24/2004 | **Method** | Other |
| **MSR Date** | 07/16/2053 | **Location** | STA  GRIEVANCE OFFICER |
| **HSE/GAL/CELL** | D -05-51 | **Staff** | LEDFORD, KELLY, Office Coordinator |

RECEIPT OF GRIEVANCE ON _3-3-20___ CONCERNING SC/DIETARY.  THIS GRIEVANCE HAS BEEN ASSIGNED GRIEVANCE #257 AND WAS FORWARDED TO THE COUNSELOR FOR REVIEW AND RESPONSE.

**Print Date  3/4/2020**

# **<u>EXHIBIT G</u>**

**Offender Request for Religious Diet**

_Stateville CC_
_____
Facility

I, ARTIP MONTER , ID#: 1384281 , hereby request a religious
_____
Offender Name (Last, First M.I.)

diet accommodation. I declare my religious affiliation as _JEWISH_ . This request is for:

☑ A _KOSHER_ diet as an integral part of the practice of my declared religion.
_____
Type of diet (e.g. kosher, vegan, etc.)

☑ A religious meal for the observance of the following religious holiday or ceremony: _Passover_
_____
Specify name of holiday/ceremony

Justification or basis of request:

Examples of basis may include such things as documentation from religious textbook or faith leader; teaching of faith leader; interpretation of holy book, etc.)

_The Torah, Tanakh, Mishnah, and this is my_
_sincerely held belief._

---

### Conditions of Participation

I understand that participation in a religious diet must be based on a sincerely held religious belief. If my request is granted, I understand and acknowledge that:

- Receipt of the religious diet will begin on the first day of a month and the diet will be in effect for no less than one calendar month.
- I may request to terminate a religious diet at any time; however, the request must be submitted in writing on an Offender Request, DOC 0286, and will not be effective until the first day of the month following in which the request was received.
- I should not purchase or possess any food items that are not part of the religious diet and possessing food that violates the diet I requested may be deemed to demonstrate a lack of sincerity.
- I am prohibited from exchanging or giving away any religious diet food or tray or taking, accepting, or trading for a food tray or for food from a food tray other than my approved diet tray and the violation of such is grounds for discipline under Ill. Adm. Code 504.
- My commissary food purchases will be monitored by the Dietary Department and purchases of food that violate the diet I requested may be deemed to demonstrate a lack of sincerity.
- My mealtime attendance will be monitored and acceptance of the specially prepared diet tray is mandatory. I understand that I should not miss more than three meals per week, without providing written justification to the Chaplain or Dietary Manager. I understand that unjustified failure to attend meals may be deemed to demonstrate a lack of sincerity.

I affirm that I have read and understand these conditions for participation in a religious diet, and that I have signed voluntarily and without coercion.

_Montez Artis_                    7-10-20
_____        _____
Offender Signature                Date

**Official Use Only**

☐ Approved   ☐ Denied
                          _____        _____        _____
                          Chaplain (Print Name)            Chaplain (Signature)             Date

☐ Approved   ☒ Denied
                          _____        _____        _____
                          Chief Administrative Officer (Print Name)   Chief Administrative Officer (Signature)   Date

If denied, provide reason: _____

| Date received by Dietary: |
| If approved, religious diets shall begin on the first day of the month following that in which the Request was received. |

Distribution:   Chaplain, Dietary Manager,        _Printed on Recycled Paper_        DOC 0388 (Eff. 11/2012)
                Offender

# <u>**EXHIBIT H**</u>

Assigned Grievance STATEMENT LE C.C.

Housing _____  Bed #: _____

1st Lvl rec: AUG 20 2020  248

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec: _____

Date: 08-13-20  GRIEVANCE OFFICE (please print): Martez Mris  ID #: B84281  Race (optional): Nubian

Present Facility: Stateville CC   Facility where grievance issue occurred: Stateville CC

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report

- [ ] Mail Handling
- [x] Dietary
- [ ] Other (specify): Denied kosher diet.

- [ ] Medical Treatment
- [ ] HIPAA

- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____   Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

I submitted a Request form to Chaplain David for my kosher diet over 6 weeks ago and I am still denied a kosher diet. I am being force to go without 3 meals a day. Some days are worst than others. I'm hungry Right night

- [ ] Continued on reverse

**Relief Requested:** Send my kosher food A.S.A.P. Please

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

- [ ] Check if this is NOT an emergency grievance.

Martez Cats   Offender's Signature   B84281   ID#   08-13-20   Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**  Date Received: _____  [ ] Send directly to Grievance Officer

- [ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name _____   Sign Counselor's Name _____   Date _____

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**   Date Received: 9-3-2020

Is this determined to be of an emergency nature:

- [ ] Yes, expedite emergency grievance
- [x] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

David Gomez   Chief Administrative Officer's Signature   9-3-2020   Date

Distribution: Master File; Offender   Page 1 of 2   DOC 0046 (Rev. 01/2020)

# **<u>EXHIBIT I</u>**

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: _Artis_ _Montez_ _B84281_
      Last Name      First Name    MI    ID#

Facility: _Stateville_

☒ Grievance; Facility Grievance # (if applicable) _____ Dated: _6/28/17_ or ☐ Correspondence: Dated: _____

Received: _7/17/17_ Regarding: _Dietary Conditions, Kosher meals_
    Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
    Office of Inmate Issues
    1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Administrative Transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
    Date

☐ No justification provided for additional consideration.

Other (specify): _No dates of specific incident, no facility grievance office report, may have been at Stateville since 2012._

Completed by: _Sarah Johnson_    Signature _____    Date _7/26/17_
    Print Name

Distribution: Offender    Printed on Recycled Paper    DOC 0070 (Rev.5/2017)
    Inmate Issues

**ARTIS_000329**

Case: 1:21-cv-05779 Document #: 68 Filed: 10/05/23 Page 40 of 45 PageID #:533

*162*

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

C857

| Date: 06-28-17 | Offender: (Please Print) Monte Artis J | ID#: B84281 |
|---|---|---|
| Present Facility: Stateville C.C. | | Facility where grievance issue occurred: Stateville C.C. |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ ADA Disability Accommodation

☐ Staff Conduct    ☒ Dietary    ☐ Medical Treatment    ☐ HIPAA

☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☐ Other (specify) *Kosher.*

☐ Disciplinary Report: ___/___/___
     Date of Report

**RECEIVED STATEVILLE C.C.**

162 JUL 0 5 2017   Facility where issued

**GRIEVANCE DEPARTMENT**

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

1.) Stateville C.C. kitchen is infested with mice, birds, Roaches, spiders, ants, and mold and asbestos. (See Exhibit B)

2.) Stateville C.C. doesNot have a dietary kosher kitchen.

3.) Stateville C.C. constantly violates kosher dietary Requirements. Stateville doesNot feed kosher inmates according to the Full kosher kosher Menu nor half of kosher Menu. (See Exhibit A)

4.) Stateville C.C. kitchen contaminates and Pollutes all kosher inmates Food, eating utensils, cups plates, cooking pans, containers for food, every thing that kosher inmates use.

Relief Requested: 1.) Build a kosher dietary 2.) Train Staff in kosher requirements
3.) Get Rid of Roaches, mice, birds, spiders ants, mold asbestos.
4.) Pay me 750,000

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Monty Artis Offender's Signature | B84281 ID# | 06, 28, 17 Date |
|---|---|---|

(Continue on reverse side if necessary)

---

| **Counselor's Response (if applicable)** |
|---|

| Date Received: 7, 08, 17 | ☐ Send directly to Grievance Officer | ☒ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: Duplicate grievance to grievance dated 6-4-17.

| C. Williams Print Counselor's Name | C. Will Counselor's Signature | 7, 13, 17 Date of Response |
|---|---|---|

**RECEIVED**

---

| **EMERGENCY REVIEW** | | JUL 17 2017 |
|---|---|---|

| Date Received: 7, 6, 17 | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☒ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

| _Randy Fiste_ Chief Administrative Officer's Signature | | 7, 7, 17 Date |
|---|---|---|

Distribution: Master File, Offender      Page 1

ARTIS 000330

Illinois Department of Corrections
OFFENDER'S GRIEVANCE

5.) Stateville C.C. breakfast trays are not in compliance to kosher Requirements.

A.) The cereals are mixed with fruit.

B.) Neither the cereal or fruit is placed inside separate containers

C.) The grits, oatmeal, gravy, is cooked in the pots where pork is cooked and placed unbled serve to inmates.

D.) The eggs or cooked in the same pots.

E.) All food that is cooked on grill or is cold and served to kosher inmates is contaminated, polluted and tainted.

6.) Stateville C.C. gives kosher inmates contaminated lettuce.

A.) The lettuce is placed inside general population containers which defiles or bad. because of pork and other contaminants.

B.) The brown population trays that we are force to use to in order to get lettuce are general population trays that pork is placed on.

C.) The dishwasher is broken, the brown trays are usually wet and un clean and because such environment exist I cannot eat lettuce are most of the time denied lettuce by Mr. P Fortwood because the will not allow kosher inmates to have ham trays due to budgetary and financial controls.

RECEIVED

JUL 17 2017

ADMINISTRATIVE
REVIEW BOARD

2.

ARTIS_000331

Illinois Department of Corrections
OFFENDER'S GRIEVANCE

7.1    Stateville C.C. usually served me the same meal (2) to (3) days in a row.
    Sometimes I have chicken patty meals for lunch and dinner for (2) to (3) days in a row, this violated the Requirements of the kosher Master Menu.
    Sometimes the meals become detestable because their served none stop!

8.1    Stateville C.C. usually served the kosher tray cold or warm, they tray are rarely cooked until their hot.
    The lettuce is usually not fresh.

9.1    Stateville C.C. does not have a dietary kosher kitchen for kosher inmates.
    A.1 Stateville C.C. pans, pots and all cooking utensils pollute kosher meals when the kosher meals are placed on top of General population links were Pork is being held or has been held violated my 1st amendment Right.
    The sporks (plastic knives, forks or spoons we (kosher inmates) are given are contaminated because they are not sealed to protect from contamination.
    Stateville C.C. served pork and will have the utensils that we eat with on the same feed links.

RECEIVED

JUL 17 2017
ADMINISTRATIVE
REVIEW BOARD

ARTIS_000332

3

Illinois Department of Correction
OFFENDER'S GRIEVANCE

10.) Stateville C.C. makes us eat off/with contaminated
Trays because Mrs Portwood (kitchen Supervisor) stated
to me that Stateville cant afford to give another
inmate plastic trays (another eating tray) to eat off of.
A.) Mrs Portwood began doing this when Stateville
began having problem with the lack of styrofoam trays.
an If we don't accept the brown contaminated trays
we are Refuse lettuce.

11. When these violations are mentioned to kitchen supervisor
Mrs. Portwood, she states that she dont give a damn!

12.) When Stateville is on lockdown our (another inmate) tray
is placed in a brown bag and inside is lettuce with the
another tray, which should be placed inside a styrofoam
tray.

13.) Head Supervisor Mr. Tanner is spoke to by another
inmates pertaining the contamination of another trays,
spoons, forks, spork, knives, pans cooking pots,
grills feeding trays and drinking cups and he
Tanner says that we need to file grievances.

RECEIVED

JUL 17 2017

ADMINISTRATIVE
REVIEW BOARD

4.

ARTIS_000333

Illinois Department of Corrections
OFFENDER'S GRIEVANCE

14/ The bed's Roaches, mice, ants, and spiders have their droppings on the kitchen counter tops, pans, cooking utensils, tables and seats.

15/ The kitchen at Stateville C.C. doesn't fit the proper requirements to feed the general population, and by it not having a kosher dietary part for kosher inmates. With all the disgusting, unsanitary and unsafe issues, like mold, mildew, and asbestos, Plus in adequate ventilation, lack of proper temperature, broken/cracked floors, exposed wiring, broken windows, broken pipes, broken coolers, broken drain. and a butt of other problems.

RECEIVED

JUL 17 2017

ADMINISTRATIVE
REVIEW BOARD

ARTIS_000334

5.

(EXAMPLE 7 A)

I. D.O.C. Full Master Kosher Meal Pattern.

Breakfast:
(2) Two Whole Pieces of fruit.
(2) bowls of dry cereal.
(2) Two Pchgs of peanut butter or egg entree.
(2) Two Servings of tortillas, bread, cakes, etc
(2) Two Pchgs of Milk substitute.

Lunch and Dinner: Tuesday, Thursday, and Supper on Saturday

(6) 6 x 6 oz Drained Tuna
(1½) cup lettuce mix
(4) Pchgs of Salad dressing
(8) eight oz cold drained tomatoes
(2) Two servings of saltines, tortillas, variety, crackers, etc
(1) Package of Nutra-Cal drink mix.

Lunch and Dinner: Monday Wed Friday ; Sunday

One (1) complete Entree
One (1) lettuce mix
Two (2) Pachs of Salad dressing
Two (2) servings of saltines, tortillas, variety, crackers, etc
One (1) Piece of whole fresh fruit
One (1) Package of Nutra-Cal drink mix.

**RECEIVED**

JUL 17 2017

ADMINISTRATIVE
REVIEW BOARD

6.